# Attachment 1

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS    18-L-000487

*Click Here for Instructions*    Case No. _____

| JOHN DOE, a certain male whose name has been withheld for privacy | MEDELA LLC and GOTHAM PROFESSIONAL SERVICES, INC. | *Thomas M. Hartwell* (signature) Clerk of the Circuit Court Kane County, Illinois |
|---|---|---|
| Plaintiff(s) | Defendant(s) | 9/14/2018 |

SERVE:

Name: MEDELA LLC

Address: 1107 CORPORATE DRIVE

City, State & Zip: MCHENRY, IL

FILED/IMAGED

File Stamp

Amount Claimed **In Excess of $50,000**

Pltf. Atty **GIAMANCO LAW PARTNERS**    Add. Pltf. Atty _____
Atty. Registration No. **6277529**    Atty. Registration No. _____
Address **340 QUADRANGLE DRIVE SUITE A**    Address _____
City, State and Zip **BOLINGBROOK, IL 60440**    City, State and Zip _____
Attorney E-mail: **ATTORNEY@GLAWPARTNERS.COM**    Attorney E-mail: _____

## SUMMONS

To the above named defendant(s):

☐ A. You are hereby summoned and required to appear before this court in room _____ of the _____ at _____ m. on _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☒ B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐ C. You are further Notified that a dissolution action stay is in full force and effect upon service of this summons. The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

D. E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk with your local circuit clerk's office.

TO THE SHERIFF OR OTHER PROCESS SERVER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____    9/14/2018
(To be inserted by process server on copy left with the defendant or other person)

WITNESS, _____

*Thomas M. Hartwell* (signature)
Clerk of Court

Form 166-A (08/18)    Page 1 of 2

Case No. _____

## SUMMONS (CONT.)

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal)

By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of Defendant | Place of Service | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(b) - (Individual defendants - abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode, as follows:

| Name of Defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - (Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

_____
Signature

**SERVICE FEES**

Service and return _____ $ _____

Miles _____ _____

Total _____ $ _____

☐ Sheriff of _____ County

☐ Special Process Server

Sheriff of _____ County

☐ By _____, Deputy

☐ Special Process Server
(See Order of Appointment in file)

Form 166-A (08/18)    Page 2 of 2

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

| | | |
|---|---|---|
| JOHN DOE, a certain male whose name has been withheld for privacy, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  18 L 487 |
| GOTHAM PROFESSIONAL SERVICES, INC.; MEDELA LLC; SUSAN GOTHAM and MARY ABRAHAM, | ) ) ) ) | |
| Defendants. | ) ) | |

*Clerk of the Circuit Court*
*Kane County, Illinois*
*9/20/2018 1:34 PM*
*FILED/IMAGED*

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, JOHN DOE, a certain male whose name has been withheld for privacy reasons, by and through his attorneys, GIAMANCO LAW PARTNERS, and herein submits his Complaint at Law against the Defendants, GOTHAM PROFESSIONAL SERVICES, INC., MEDELA LLC, MARY ABRAHAM and SUSAN GOTHAM. Plaintiff Complains as follows:

### JURISDICTION

1. The facts set forth in the instant complaint constitute violations of Plaintiff's employment rights protected by Section 1 of the Fourteenth Amendment to the Constitution of the United States of America; and actionable under Title VII of the Civil Rights act of 1964, as amended (42 U.S.C. §2000e et. seq.), and Title I of the Civil Rights Act of 1991 (42 U.S.C. §1981a), The Americans with Disabilities Act, (42 USC §12101); the Illinois Human Rights Act, 775 ILCS 5/1 et. seq. (2013); and, the AIDS Confidentiality Act, 410 ILCS 305/1 et. seq.

2. Furthermore, Plaintiff filed charges before the Illinois Department of Human Rights (Charge No. 2018CF0056) and the Equal Opportunity Commission (Charge No. 21BA71749),

1

regarding the facts alleged on this complaint and received a Notice of Substantial Evidence on June 25th, 2018.

## PARTIES

3. Plaintiff, who has been referred to in this Complaint as "JOHN DOE", is a certain HIV positive male who is 46 years of age.

4. "JOHN DOE" is a pseudonym that has been used to protect Plaintiff's identity due to privacy reasons relating to the Illinois AIDS Confidentiality Act and for other privacy reasons in relation to the matters contained herein and his HIV status.

5. Plaintiff has good cause to appear under this pseudonym in accordance with 735 ILCS 5/2-401 and specifically to protect his identity as a HIV positive person in accordance with the Illinois AIDS Confidently Act.

6. While Plaintiff's identity has been withheld from the Complaint, Defendants MEDELA LLC, GOTHAM PROFESSIONAL SERVICES, INC., MARY ABRAHAM and SUSAN GOTHAM should possess the necessary knowledge to identify the Plaintiff and respond to this cause of action based upon the information stated herein.

7. Defendant GOTHAM PROFESSIONAL SERVICES, INC. (hereinafter "Gotham") is a domestic corporation dedicated to staff and recruit employees for temporary, contract and permanent positions. Their principal place of business is located in 1901 Roselle Road, Schaumburg, Illinois.

8. Defendant MEDELA, LLC (hereinafter "Medela") is a foreign company authorized to do business in the State of Illinois with its principal place of business located at 1101 Corporate Drive, McHenry, Illinois. This company specializes in the sale and manufacturing of breastfeeding products. The facts in the instant case occurred on MEDELA's branch office located at 2768

<mark>Case: 1:18-cv-07438 Document #: 1-1 Filed: 11/09/18 Page 6 of 15 PageID #:10</mark>

Spectrum Dr., Elgin, IL 60124.

9. In the instant case, both Defendants, MEDELA and GOTHAM are considered Plaintiff's co-employers based on the relationship between them and the actual or potential rights and duties with respect to Plaintiff as their employee. *See 29 CFR 31.3504-2;* Scheurer v. Fromm Family Foods LLC, 863 F. 3d 748 (7th Cir. 2017).

10. Defendant SUSAN GOTHAM (hereinafter "Susan") is the president of GOTHAM PROFESSIONAL SERVICES, INC., and is personally liable for the unauthorized disclosure of Plaintiff's protected health information to a third party.

11. Defendant MARY ABRAHAM (hereinafter "Mary") is the Customer Service Supervisor at MEDELA and is personally liable for the unauthorized disclosure of Plaintiff's protected health information to a third party.

**FACTS COMMON TO ALL COUNTS**

12. On March 2, 2017, Plaintiff began working at MEDELA in Elgin, IL as a bilingual customer service representative. Plaintiff was hired and placed at MEDELA by GOTHAM.

13. On April 6, 2017, while completing an application for a permanent position, Plaintiff disclosed to his supervisor, MARY, that he had a disability as he is HIV positive.

14. On May 5, 2017, a baby shower was celebrated at MEDELA for one of Plaintiff's coworkers. During the event, Plaintiff met GOTHAM'S president, SUSAN, and they exchanged a casual conversation.

15. Later that day, Susan went to her office in Schaumburg, Illinois and related the events of the baby shower to Marilyn Driscoll ("Marilyn"), a recruiter for GOTHAM. Susan then told her: "Did you know John Doe has AIDS? Mary just told me".

16. In the afternoon of May 5, 2017, Marilyn informed Plaintiff that his medical diagnosis was shared and discussed between MARY from MEDELA and SUSAN from GOTHAM and then disclosed to her.

17. After learning this, Plaintiff suffered great emotional distress and mental anguish, which continue to this day.

18. On May 8, 2017, Plaintiff was required to attend a meeting with SUSAN at GOTHAM. During said meeting, Plaintiff's disability and HIV positive status was discussed with SUSAN and other GOTHAM officials, without Plaintiff's consent. Plaintiff advised GOTHAM that he was aware of the disclosure and Susan demanded to know who informed Plaintiff.

19. On May 12, 2017, Marilyn Driscoll, the person who informed the Plaintiff about the unauthorized disclosure of his HIV status to his employer, was terminated from her position at GOTHAM.

20. Despite an excellent work history, on May 13, 2017, MEDELA'S Customer Service Director, Tiffany Hubka and GOTHAM'S President, SUSAN, met with Plaintiff to discuss his performance at which time Plaintiff was then given a two-week deadline to meet certain sales goals which were not realistic and were pretextual and intended to lead to his termination.

21. On May 30, 2017, GOTHAM contacted Plaintiff and advised him he was being placed on a suspension for lack of performance.

22. On May 31, 2017, Plaintiff was informed by GOTHAM of his employment termination effective immediately.

**COUNT I. – AN ACTION BASED ON A VIOLATION OF 410 ILCS 305
(THE AIDS CONFIDENTIALITY ACT)
Reckless Breach by Medela LLC**

23. All allegations contained in paragraph 1 through 22 are incorporated herein.

24. In accordance with 410 ILCS 305/10, the "Illinois AIDS Confidently Act", Defendant MEDELA had a duty and was prohibited by law from disclosing the HIV positive status of Plaintiff to third-persons.

25. As the Customer Service Supervisor, MARY acted within the scope of her duties as employee and as agent on behalf of MEDELA. Her actions are legally binding on MEDELA.

26. Defendant MEDELA knew that disclosure of Plaintiff's HIV positive status would constitute a breach of Illinois law and Plaintiff's protected right of privacy.

27. In accordance with 410 ILCS 305/13 Defendant acted recklessly in disclosing to GOTHAM that Plaintiff was HIV positive and in turn breached the duty owed to Plaintiff in accordance with 410 ILCS 305.

28. As a proximate cause of the Defendant's disclosure of the Plaintiff's HIV positive status and her violation of 410 ILCS 305/13(2) the Plaintiff is entitled to liquidated damages of $10,000, plus attorney's fees.

WHEREFORE, Plaintiff prays for judgment against Defendant MEDELA in the amount of $10,000, plus reasonable attorney's fees and costs.

### COUNT II. – AN ACTION BASED ON A VIOLATION OF 410 ILCS 305
### (THE AIDS CONFIDENTIALITY ACT)
### Reckless Breach by Gotham Professional Services, Inc.

29. All allegations contained in paragraph 1 through 28 are incorporated herein.

30. In accordance with 410 ILCS 305/10, the "Illinois AIDS Confidently Act", Defendant GOTHAM had a duty and was prohibited by law from disclosing the HIV positive status of Plaintiff to third-persons.

31. As the GOTHAM'S President, SUSAN acted within the scope of her duties as president and as agent on behalf of GOTHAM. Her actions are legally binding on GOTHAM.

32. Defendant GOTHAM knew that disclosure of Plaintiff's HIV positive status would constitute a breach of Illinois law and Plaintiff's protected right of privacy.

33. Defendant acted recklessly in disclosing to an unauthorized third-party that Plaintiff was HIV positive and in turn breached the duty owed to Plaintiff in accordance with 410 ILCS 305/13.

34. As a proximate cause of the Defendant's disclosure of the Plaintiff's HIV positive status and her violation of 410 ILCS 305/13(2) the Plaintiff is entitled to liquidated damages of $10,000, plus attorney's fees.

WHEREFORE, Plaintiff prays for judgment against Defendant GOTHAM in the amount of $10,000, plus reasonable attorney's fees and costs.

### COUNT III. – AN ACTION BASED ON A VIOLATION OF 410 ILCS 305 (THE AIDS CONFIDENTIALITY ACT) Reckless Breach by MARY ABRAHAM

35. All allegations contained in paragraph 1 through 34 are incorporated herein.

36. In accordance with 410 ILCS 305/10, the "Illinois AIDS Confidently Act", Defendant MARY ABRAHAM had a duty and was prohibited by law from disclosing the HIV positive status of Plaintiff to third-persons.

37. Defendant MARY ABRAHAM knew that disclosure of Plaintiff's HIV positive status would constitute a breach of Illinois law and Plaintiff's protected right of privacy.

38. Defendant acted recklessly in disclosing to GOTHAM that Plaintiff was HIV positive and in turn breached the duty owed to Plaintiff in accordance with 410 ILCS 305/13.

39. As a proximate cause of the Defendant's disclosure of the Plaintiff's HIV positive status and her violation of 410 ILCS 305/13(2) the Plaintiff is entitled to liquidated damages of

$10,000, plus attorney's fees.

WHEREFORE, Plaintiff prays for judgment against Defendant MARY ABRAHAM in the amount of $10,000, plus reasonable attorney's fees and costs.

### COUNT III. – AN ACTION BASED ON A VIOLATION OF 410 ILCS 305
### (THE AIDS CONFIDENTIALITY ACT)
### Reckless Breach by SUSAN GOTHAM

40. All allegations contained in paragraph 1 through 39 are incorporated herein. In accordance with 410 ILCS 305/10, the "Illinois AIDS Confidently Act", Defendant SUSAN GOTHAM had a duty and was prohibited by law from disclosing the HIV positive status of Plaintiff to third-persons.

41. Defendant SUSAN GOTHAM knew that disclosure of Plaintiff's HIV positive status would constitute a breach of Illinois law and Plaintiff's protected right of privacy.

42. Defendant acted recklessly in disclosing to an unauthorized third-party that Plaintiff was HIV positive and in turn breached the duty owed to Plaintiff in accordance with 410 ILCS 305/13.

43. As a proximate cause of the Defendant's disclosure of the Plaintiff's HIV positive status and her violation of 410 ILCS 305/13(2) the Plaintiff is entitled to liquidated damages of $10,000, plus attorney's fees.

WHEREFORE, Plaintiff prays for judgment against Defendant SUSAN GOTHAM in the amount of $10,000, plus reasonable attorney's fees and costs.

### COUNT IV. – AN ACTION BASED ON A VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (THE AMERICAN WITH DISABILITIES ACT "ADA")
### Discrimination in Employment by Medela LLC

7

44. All allegations contained in paragraph 1 through 43 are incorporated herein.

45. Title I of ADA prohibits private employers, state and local governments, employment agencies and labor unions from discriminating against qualified individuals with disabilities in job application procedures, hiring, firing, advancement, compensation, job training and other terms, conditions and privileges of employment. *42 USC §12111*.

46. According to ADA, an individual with a disability is a person who has a physical or mental impairment that substantially limits one or more major life activities; has a record of such impairment; or is regarded as having such impairment.

47. In accordance with 42 USCA §12102(2), persons with HIV, both symptomatic and asymptomatic, have physical impairments that substantially limit one or more major life activities or major bodily functions and are, therefore, protected by the law.

48. Plaintiff was subjected to a prohibited employment action, his termination, because of his disability. Therefore, under ADA, Plaintiff meets the prima facie case requirements.

49. Due to Defendant Medela's illegal and unlawful conduct under ADA, Plaintiff is entitled to an amount in excess of $50,000, plus attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant Medela in an amount in excess of $50,000, plus reasonable attorney's fees and costs.

### COUNT V. – Discrimination in Employment
### by Gotham Professional Services, Inc.

50. All allegations contained in paragraph 1 through 49 are incorporated herein.

51. Title I of ADA prohibits private employers, state and local governments, employment agencies and labor unions from discriminating against qualified individuals with disabilities in job application procedures, hiring, firing, advancement, compensation, job training

8

and other terms, conditions and privileges of employment. *42 USC §12111.*

52. According to ADA, an individual with a disability is a person who has a physical or mental impairment that substantially limits one or more major life activities; has a record of such impairment; or is regarded as having such impairment.

53. In accordance with 42 USCA §12102(2), persons with HIV, both symptomatic and asymptomatic, have physical impairments that substantially limit one or more major life activities or major bodily functions and are, therefore, protected by the law.

54. Plaintiff was subjected to a prohibited employment action, his termination, because of his disability. Therefore, under ADA, Plaintiff meets the prima facie case requirements.

55. Due to Defendant Gotham's illegal and unlawful conduct under ADA, Plaintiff is entitled to amount in excess of $50,000, plus attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant Gotham in an amount in excess of $50,000, plus reasonable attorney's fees and costs.

### COUNT VI - AN ACTION BASED ON A VIOLATION OF 775 ILCS 5/101 ET SEQ. (THE ILLINOIS HUMAN RIGHTS ACT "ILHRA")
**Civil Rights Violation by Medela LLC**

56. All allegations contained in paragraph 1 through 55 are incorporated herein.

57. In accordance with Section 1-102 of the ILHRA, it is the public policy of this State to secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.

9

58. Section 2-102 of the ILHRA states that it will be a civil rights violation for any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination or citizenship status. 775 ILCS 5/2-102.

59. Plaintiff was subjected to a civil rights violation, his termination, because of his disability. Therefore, under ILHRA, Plaintiff meets the prima facie case requirements.

60. Due to Defendant Medela's illegal and unlawful conduct under ILHRA, Plaintiff is entitled to an amount in excess of $50,000, plus attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant Medela in an amount in excess of $50,000.00, plus reasonable attorney's fees and costs and punitive damages as allowed by statute.

### COUNT VII. – CIVIL RIGHTS VIOLATION
### Against Gotham Professional Services, Inc.

61. All allegations contained in paragraph 1 through 61 are incorporated herein.

62. In accordance with Section 1-102 of the ILHRA, it is the public policy of this State to secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.

63. Section 2-102 of the ILHRA states that it will be a civil rights violation for any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion,

10

renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination or citizenship status. 775 ILCS 5/2-102.

64. Plaintiff was subjected to a civil rights violation, his termination, because of his disability. Therefore, under ILHRA, Plaintiff meets the prima facie case requirements.

65. Due to Defendant Gotham's illegal and unlawful conduct under ILHRA, Plaintiff is entitled to an amount in excess of $50,000, plus attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant Gotham in an amount in excess of $50,000, plus reasonable attorney's fees and costs, plus punitive damages as allowed by statute.

Respectfully submitted

_____
ATTORNEY FOR PLAINTIFF

Melisa Quinones
Joseph Giamanco
GIAMANCO LAW PARTNERS
340 Quadrangle Drive – Suite A
Bolingbrook, IL 60440
(t) 630-679-0930
ARDC# 6277529
Email Service of Documents: attorney@glawpartners.com

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

| | |
|---|---|
| JOHN DOE, a certain male whose name has been withheld for privacy,<br>    Plaintiff,<br><br>v.<br><br>GOTHAM PROFESSIONAL SERVICES, INC and MEDELA LLC,<br>    Defendants. | )<br>)<br>)<br>)<br>)    No.<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF DAMAGES

I, Melisa Quinones, being first dully sworn under oath, hereby depose and state that if I were called upon to testify I would state as follows:

1. I am an attorney licensed to practice within the state of Illinois and maintain my professional address at 340 Quadrangle Drive, Suite A, Bolingbrook, Illinois.
2. That I am an associate in the law firm of Giamanco Law Partners, Ltd. and am the attorney of record for the Plaintiff.
3. That based upon the information available to me at the present time, the total amount of money damages sought in this matter **EXCEEDS** $50,000.00.
4. That this affidavit is submitted in compliance with Supreme Court Rule 222(b).

FURTHER AFFIANT SAYETH NAUGHT:

### VERIFICATION

Under the penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure and being first duly sworn on oath, the undersigned certifies that the statements set forth in **THIS AFFIDAVIT** are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

                                                                                                 _____      9/20/18
                                                                                                   MELISA QUINONES           DATE

**Melisa Quinones**
**Joe Giamanco**
**GIAMANCO LAW PARTNERS, LTD.**
**340 Quadrangle Drive – Suite A**
**Bolingbrook, IL 60440**
**630-635-5555**
**ARDC # 6277529**
**Email Service of Documents: attorney@glawpartners.com**

12